UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, an employee benefit plan, and RONALD S. KAEMPFE, EUGENE KEELEY, PETE KORTE, MARK JOHNSON, CHAD GOLDSCHMIDT, and DALE KELLER, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Pension Fund, and EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 HEALTH AND WELFARE FUND, and RONALD S. KAEMPFE, EUGENE KEELEY, MARK JOHNSON, PETE KORTE, CHAD GOLDSCHMIDT, and DALE KELLER, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Health and Welfare Fund, and OPERATING ENGINEERS LOCAL 520 JOINT APPRENTICESHIP AND TRAINING FUND, and EUGENE KEELEY, MICHAEL LUHR, MICHAEL PARKINSON, and MARK JOHNSON, in their representative capacities as Trustees of the Operating Engineers Local 520 Joint Apprenticeship and Training Fund, and EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 VACATION FUND, and CHARLES MAHONEY, TIM KEELEY, RONALD S. KAEMPFE, DAVID BAXMEYER, CHAD GOLDSCHMIDT, and STEVE SMITH, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Vacation Fund, and OPERATING ENGINEERS LOCAL 520 ANNUITY TRUST FUND, and MARK JOHNSON, HENRY ROHWEDDER, STEVE SMITH, KENNETH J. KILIAN, KEN TOENNIES, and RONALD S. KAEMPFE, in their representative capacities as Trustees of the Operating Engineers Local 520 Annuity Trust Fund, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |

ZOIE, LLC, an Illinois limited liability company,   )
                                                                               )
      Defendant.   )

## COMPLAINT

COME NOW plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Employers and Operating Engineers Local 520 Pension Fund, hereinafter referred to as "the Pension Fund," is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145, providing pension benefits to covered employees of participating employers. Plaintiffs Ronald S. Kaempfe, Eugene Keeley, Mark Johnson, Pete Korte, Chad Goldschmidt, and Dale Keller are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff, Employers and Operating Engineers Local 520 Health and Welfare Fund, hereinafter referred to as "the Welfare Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(2)(A), (3), 1132 and 1145, providing medical and hospitalization benefits to covered employees of participating employers. Plaintiffs Ronald S. Kaempfe, Eugene Keeley, Mark Johnson, Pete Korte, Chad Goldschmidt, and Dale Keller are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(21)(A) and 1132.

3. Plaintiff, Operating Engineers Local 520 Joint Apprenticeship and Training Fund, hereinafter referred to as "the Apprenticeship Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(2)(A), (3), 1132 and 1145, providing apprenticeship training to covered employees of participating employers. Plaintiffs Eugene Keeley, Michael Luhr, Michael Parkinson and Mark Johnson are the duly designated and acting Trustees of the Apprenticeship Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(21)(A) and 1132.

4. Plaintiff, Employers and Operating Engineers Local 520 Vacation Fund, hereinafter referred to as "the Vacation Fund", is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145, providing vacation benefits to covered employees of participating employers. Plaintiffs Charles Mahoney, Tim Keeley, David Baxmeyer, Ronald S. Kaempfe, Steve Smith and Chad Goldschmidt are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(21)(A) and 1132.

5. Plaintiff, Operating Engineers Local 520 Annuity Trust Fund, hereinafter referred to as "the Annuity Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(2)(A), (3), 1132 and 1145, providing pension annuity benefits to covered employees of participating employers.  Plaintiffs Mark Johnson, Steve Smith, Kenneth J. Kilian, Ken Toennies , Henry Rohwedder, and Ronald  S. Kaempfe are the duly designated and acting Trustees of the Annuity Fund, and are fiduciaries within the

meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

6. Defendant Zoie, LLC is an Illinois limited liability company doing business within this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

7. Defendant at all times relevant has been and is signatory to and bound by a collective bargaining agreement with the Union.

8. This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§ 1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a), in that the plaintiff Funds and Trustees seek to enforce the provisions of their employee benefit plans, and are also third party beneficiaries to the collective bargaining agreement between the Union and defendant.

9. Under the terms of the collective bargaining agreement, defendant has been and is obligated to make monthly reports on all covered employees in its employ, showing the number of hours worked, and to contribute on a monthly basis to the plaintiff Funds.

10. The collective bargaining agreement requires the payment of liquidated damages on delinquent contributions to the plaintiff Funds.

11. Under the terms of the collective bargaining agreement, defendant has been and is bound by the documents governing the plaintiff Funds.

12. The trust documents governing the plaintiff Funds require delinquent employers to pay the costs of collection, including attorneys' fees.

13. The collective bargaining agreement and trust agreements require defendant to submit its records for audit so that plaintiffs can determine the amounts owed.

14. Defendant has failed to submit its reports and contributions when due.

15. Absent an audit, it will be impossible for plaintiffs to determine the amounts that are owed.

16. Defendant owes liquidated damages on its delinquent contributions.

17. Plaintiffs are entitled to recover interest, liquidated damages, costs and reasonable attorneys' fees pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(g), and pursuant to the collective bargaining agreement and trust agreements.

WHEREFORE, plaintiffs pray the court as follows:

(a) For a judgment against defendant for delinquent contributions;

(b) For a judgment against defendant for liquidated damages owed on delinquent contributions, plus all additional liquidated damages which subsequently come due;

(c) For an order compelling defendant to submit its books and records to plaintiffs for audit, so that plaintiffs can determine all amounts owed;

(d) For a judgment against defendant for the amounts found due and owing by the audit, including liquidated damages;

(e) For an order compelling and enjoining defendant to submit all future reports and payments in timely fashion under the current or any subsequent collective bargaining agreement to which the Union and defendant are or may become bound; and

(f) For an order, judgment and decree against the defendant for interest, reasonable attorneys' fees and costs incurred in this action, and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, Missouri 63131
Phone: (314) 727-1015
Fax:   (314) 727-6804


           /s/ Greg A. Campbell
GREG A. CAMPBELL, MO#2774

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2018, a copy of the foregoing has been electronically filed with the Clerk of the Court and copies have been mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P. O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

           /s/ Greg A. Campbell